Environmental Court of Vermont
State of Vermont

================================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================================

Rivers Dev. LLC Discharge Permit 3-1524      Docket No. 157-7-08 Vtec
Project:    Rivers Development LLC Quarry     (direct discharge appeal)
Applicant:   Rivers Development LLC

Title: Motion to Dismiss Appeal, No. 7

Filed:     January 9, 2009

Filed By:  Appellant/Applicant Rivers Development LLC, via Atty C. Nordle

Preliminary Response filed on 01/12/09 by Interested Persons Neighbors, via
    Atty Zachary K. Griefen

Reply filed on 02/09/09 by Appellant/Applicant Rivers Development LLC

Additional Response filed on 02/12/09 by Interested Persons Neighbors, via Atty
    Zachary K. Griefen

Sur-Reply filed on 02/18/09 by Appellant/Applicant Rivers Development LLC

_X_ Granted          ___ Denied          ___ Other

    Appellant-Applicant Rivers Development LLC ("Rivers") has filed a motion to dismiss its appeal of an Agency of Natural Resources ("ANR") direct discharge determination in Docket Number 157-7-08 Vtec. The pending motion does not ask for any action to be taken on the remaining consolidated appeals that were the subject of the Court's multi-week trial and are currently the subject of post-trial filings. Rivers' motion seeks dismissal of its own appeal of ANR's denial of Rivers' application for a direct discharge permit. Rivers has given notice to the parties and to this Court that it does not believe that a direct discharge permit is needed for its proposed quarry project, to be located off of Route 100B in Moretown, Vermont.

    Since filing its appeal with this Court, Rivers applied for and obtained a Multi-Sector General Permit ("MSGP") for its proposed quarry. Rivers and ANR (relying on representations made by Rivers in its MSGP application) now maintain that this is currently the only discharge permit that Rivers needs. Neighbors, on the other hand, argue that Rivers still needs additional permits before it can legally operate its proposed quarry and before it can meet its burden under the water quality criteria of Act 250. See 10 V.S.A. § 6086(a)(1).

    In ruling upon this motion, we do not need to resolve the pending dispute over whether the MSGP suffices to allow Rivers to meet all applicable discharge permit requirements for operating its quarry. To the extent that we are required and jurisdictionally permitted to address that question, we reserve judgment for our Merits Decision, in which we understand it to be this Court's duty "to conduct an independent review of the environmental impact of proposed projects" under the water quality and other Act 250 criteria that are at issue

in these consolidated appeals.   In re Hawk Mountain Corp., 149 Vt. 179, 184 (1988).[1]

The only fact relevant to our ruling today is that Rivers no longer seeks the direct discharge permit that is the subject of the above-referenced Docket. In our November 21, 2008 Decision in these consolidated appeals, we dismissed an appeal as "moot because it asks this Court to pass judgment on a project that Rivers does not actually intend to pursue." Id. at 12.   The same reasoning applies to permits that Rivers no longer intends to pursue.   Such scenarios "present a textbook definition of a request for an advisory opinion." Id. (citing In re Lawrence & Darlene McDonough, Decl. Ruling #306, Memo. of Decision & Dismissal Order (Vt. Envtl. Bd. Dec. 22, 1995)); see also Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991) (holding that an appeal becomes moot the moment an actual live controversy ceases to exist).   Courts cannot render advisory opinions, see In re Opinion of the Justices, 115 Vt. 524, 529 (1949), and we decline to do so here.

For these reasons, we GRANT Rivers' motion to dismiss Docket Number 157-7-08 Vtec (the direct discharge permit appeal) from the consolidated appeals that are before this Court, and Docket Number 157-7-08 Vtec is hereby DISMISSED.   The ANR denial of Rivers' prior direct discharge application remains in effect, but this procedural reality in no way acts as a bar to the subsequent MSGP application and approval.   We will render our own determinations on the sufficiency of Rivers' discharge presentations in regards to the legal issues preserved for our review in the remaining appeals.

This case has already been through an extensive merits hearing and is awaiting a Merits Decision by this Court on the two remaining appeals in this case—Docket Numbers 7-1-05 Vtec (the conditional use appeal) and 68-3-07 Vtec (the Act 250 appeal).   The parties have already submitted their initial post-trial briefings in this matter, and responses to those briefs are due by April 27, 2009.   To the extent that this Entry Order affects the arguments made in those briefs or raises any additional issues, we expect that the parties will address those issues in their response filings that are due on April 27, 2009.

| | |
|---|---|
| _____ | ____April 9, 2009_____ |
| Thomas S. Durkin, Judge | Date |

Date copies sent to: _____           Clerk's Initials _____

Copies sent to:

Attorneys James A. Caffry & Christopher J. Nordle for Appellant/Applicant Rivers Development, LLC

Attorneys Ronald A. Shems & Geoffrey H. Hand for the Town of Moretown

Attorneys David Grayck & Zachary K. Griefen for Interested Persons Jack Byrne, Virginia Farley, the June Holden Life Estate, Robert & Beverly McMullin, John & Sandy Porter, and Ben & Denise Sanders

Interested Persons Arthur & Linda Hendrickson

Attorney Michael Steeves for Appellee Agency of Natural Resources

Attorney Mark L. Lucas for Interested Person Natural Resources Board

---

[1] **Rivers argues in its sur-reply that Hawk Mountain might not be applicable to this case.  This argument goes beyond what must be decided today, and we reserve judgment on this issue for our Merits Decision.  If they wish, the parties may address this issue further in their post-trial response briefs that are due on April 27, 2009.**